Peck, J.
As stated in the entry of the Board of Tax Appeals, the single question presented is “whether personal property which is manufactured outside Ohio, shipped into this state where it is held without further processing, and remains here until it is shipped upon order to customers outside Ohio, is being held in Ohio ‘for storage only’ and, therefore, subject to the exception set forth in Section 5701.08, Revised Code, and thus is not ‘used in business’ in Ohio.”
*577 The portion of the Eevised Code section referred to and with which we are here concerned reads as follows:
“* * * merchandise or agricultural products shipped from outside of this state and held in this state in a warehouse or a place of storage for storage only and for shipment outside of this state are not used in business in this state.”
In the present ease, if the subject property is in this state “for storage only,” it is not subject to the tax, but if it is “used in business” in Ohio, the tax applies.
In four cases, this court has had this language of the statute before it* and has made determinations as to whether certain items of personal property were held “for storage only” or were ‘‘ used in business. ’ ’
The first of those cases is General Cigar Co., Inc., v. Peck, Tax Commr., 159 Ohio St., 152, 111 N. E. (2d), 265, which concerned the application of the tax to certain tobaccos held by the taxpayer and later incorporated by it into manufactured tobacco products subsequently offered for sale. This tobacco was held to be not subject to the tax because it was “held in a storage warehouse therein for storage only” under the provisions of the statute then in effect. The second case, which specifically followed the General Cigar case, is B. F. Goodrich Co. v. Peck, Tax Commr., 161 Ohio St., 202, 118 N. E. (2d), 525. In that case, as in the General Cigar case, the subject property “was apparently held by * * * [the taxpayer] for use in its manufacturing operations both in and out of Ohio, ’ ’ although it is stated in the opinion that the taxpayer “was holding some of it for sale” and, in the syllabus, mention is made of the fact that the taxpayer might at some subsequent time “sell it or use it.” Such possible future sale was not a primary consideration in the case, emphasis being on the observation “that property is never placed in storage by its owner unless the owner intends to use it in some way later on.” It was concluded that the subject property was held “for storage only” and thus not subject to the tax.
*578 The third and fourth cases, Grinnell Corp. v. Bowers, Tax Commr., 167 Ohio St., 267, 147 N. E. (2d), 657, and American Can Co. v. Bowers, Tax Commr., 169 Ohio St., 81, 157 N. E. (2d), 340, involved a total of 10 corporate taxpayers, five of which were parties to both actions. The syllabus of the Grinnell case reads as follows:
“Property cannot be considered as ‘held in a storage warehouse for storage oüly’ within the meaning of Section 5701.08, Revised Code, as it read prior to September 1955, in those instances where it is located at the place where it is to be used in manufacturing or at the place where it was manufactured into a product or at the place from which it is in effect to be delivered by the taxpayer directly to a customer. ’ ’
The American Can case concerned only the phrase, “at the place where it was manufactured into a product, ” as that phrase was used in the Grinnell case, and is thus without application in the present situation.
In all the cases hereinabove cited (except the Goodrich case to the extent indicated and to a similarly limited extent in certain instances in the companion cases in Grinnell and American Can), the property sought to be exempted from the application of the tax was being held by the taxpayer for use by it in the production of its ultimate product. This is not true in the case now before us. On the contrary, it is stated in the stipulation and emphatically argued by the taxpayer that during the period it was held the property was not “processed, manufactured or treated in any way by the appellant” (except for the treatment of the fir cross-arms hereinabove mentioned). It is thus our conclusion that the cases previously decided are not presently controlling, and that the personal property with which we are here concerned was held in inventory subject to resale and therefore returnable as personal property “used in business.” This conclusion that the property was held for sale or resale is not only entirely in harmony with the stipulation, but is the only reasonable conclusion from the stipulation that this property is shipped out of Ohio “upon order by customers” of the taxpayer. Thus, while such a fact situation is not essential to our decision, it appears that this property was not stored but was held at a distribution point for sale and until sold.
*579 It might be further observed that the present conclusion is also in general harmony with two of this court’s most recent decisions in cases construing tax statutes. In those cases (Allen v. Smith, Inc., v. Bowers, Tax Commr., 170 Ohio St., 398, and Buddies Lunch System, Inc., v. Bowers, Tax Commr., 170 Ohio St., 410), the court inclined to the realistic view that the words and phrases used in the statutes imposing a tax should be construed as they are traditionally understood. Similarly, here construing the words, “for storage only,” in accordance with the traditional concept of their meaning and declining from an artificial interpretation lead to the conclusion that goods offered for sale by a taxpayer are not held for storage only while they are, figuratively speaking, on his shelves awaiting distribution to his customers.
In our opinion, it follows that the decision of the Board of Tax Appeals must be reversed.

Decision reversed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and Herbert, JJ., concur.

Section 5701.08, Eevised Code, in its present form became effective September 30, 1955. While it is substantially different from its predecessor sections (Section 5325-1, General Code, and Section 5701.08, Eevised Code, effective October 1, 1953), the variations are not material to the present consideration.